UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUPERIOR HEALTHCARE, L.L.C., ET AL.

CASE NO. 14-163-JJB-RLB

VERSUS

LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY, ET AL.

**RULING ON MOTION TO DISMISS**

Defendants, Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBS") and employees, Charles Andrew O'Brien, Kandyce Cowart, and Katie Guy, move for this Court to dismiss all claims of Plaintiffs, Superior Healthcare, L.L.C., et al. (Doc. 9). All responsive briefs were considered for purposes of this ruling.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is plausible when the plaintiff pleads "factual content" that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)).

Some courts have required certain specific facts to be alleged when Plaintiffs are asserting a large number of claims under ERISA, which they seek to aggregate. *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. 11-806, 2013 WL 5519320, *3 (E.D. La. Sept. 30, 2013). While this serves as merely persuasive authority for this

1

Court, the *Center for Restorative Breast Surgery, LLC* ruling from the Eastern District of Louisiana does highlight two important facts that should be established in such ERISA claims: (1) the existence of the ERISA plan under which Plaintiffs sue and (2) the plan terms Defendants are alleged to have breached. *Id*.

## FACTUAL ALLEGATIONS

Plaintiffs assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). The claims relate to a series of benefit plans of which Plaintiffs' patients are beneficiaries. Plaintiffs claim to be ERISA beneficiaries and assignees of ERISA beneficiaries of each benefits plan at issue. (Doc. 9-1 at 3). Plaintiffs allege, upon information and belief, that Defendants administered plans covering Plaintiffs' patients. (Doc. 9-1 at 15). Plaintiffs allege that Defendants are plan fiduciaries under 29 U.S.C. §1002(21) because of their roles as plan or claim administrators for the litigated plans. (Doc. 1 at 7). Fiduciaries owe a duty of "undivided loyalty to both plan participants and their beneficiaries, to deal with them in the utmost good faith and to place the interests of plan participants and beneficiaries above their own interests, as delineated in 29 U.S.C. §1104." (Doc. 1 at 7). Plaintiffs allege that the Employee-Defendants, as ERISA-fiduciaries, have systematically and repeatedly violated ERISA by ignoring all requests to cease and desist from their unlawful conduct, refusing to produce documents and data required to be produced pursuant to the Regulation (29 CFR 2560.503-1), and ignoring the substance of all legal and factual points proffered by Plaintiffs. (Doc. 1 at 29-30, 34-35). Due to these alleged breaches, Plaintiffs seek to have Defendants permanently barred from handling ERISA-governed claims or trust funds and to have BCBS repay all monies taken or confiscated by way of offsetting or recoupment. (Doc. 1 at 36-37).

## DISCUSSION

Defendants claim that Plaintiffs' allegations still leave several necessary factual allegations unsatisfied: (a) the patients, (b) the plans, (c) the plan terms at issue, (d) the specific treatment for each patient, (e) who performed each of the treatments, (f) the amounts charged for each of the treatments, (g) the amounts reimbursed for each of the treatments, or (h) the plan and contractual provisions governing overpayments in connection with any such treatment. (Doc. 9-1 at 2). Contrary to Defendants' assertion, Plaintiffs' Complaint alleges that private group or employer sponsored health plans are ERISA governed and that the services, paid for by Defendants and rendered to Plaintiffs' patients, were covered under these ERISA governed plans. (Doc. 15 at 3). The Complaint asserts that Plaintiffs provided necessary testing and ancillary services to patients "covered under group sponsored health benefit plans issued for the benefit of Plaintiff's patients[.]" (Doc. 15 at 15, citing *Complaint* at 11). The Complaint goes on to explain that patients were covered by these group health plans, "either as employees / members of a covered group or as a defined spouse or other dependent of such a covered employee / member." (Doc. 15 at 15, citing *Complaint* at 11). The Complaint alleges the plan benefits at issue by urging that the blood tests and ancillary services were covered under the plans and subject to reimbursement. (Doc. 15 at 15, citing *Complaint* at 12). BCBS served as the claims administrator for the plans at issue for the tests and services of 2011 and 2012. (Doc. 15 at 16, citing *Complaint* at 12). Payments for services were paid directly to the Plaintiffs. (Doc. 15 at 16, citing *Complaint* at 12). Plaintiffs allege, on information and belief, that their patients were covered by BCBS administered plans of 2011 and 2012. (Doc. 15 at 16, citing *Complaint* at 15). Further, Plaintiffs claim to have already put Defendants on notice of each patient, plan, treatment, bill and reimbursement being challenged by reference in the Complaint to Defendant's letters, with attached spreadsheets, containing all of this information. (Doc. 15 at 20, citing

*Complaint* at 22-23 and Doc. 16-1). The spreadsheet lists numerous patients (by first name only), as well as, specific amounts charged and paid.

These factual allegations asserted by Plaintiffs are sufficient to establish the existence of an ERISA-governed plan under which Plaintiffs may sue.

Plaintiffs, themselves, assert that they are ERISA beneficiaries and assignees of ERISA beneficiaries of each plan. (Doc. 9-1 at 3). Plaintiffs claim that Defendants are ERISA-fiduciaries, who have breached their fiduciary duty owed to ERISA beneficiaries. However, Defendants claim that there are no allegations of fact, even accepted as true, that establish Employee-Defendants as fiduciaries of any of the benefit plans at issue or how Defendants could have breached these duties. (Doc. 9-1 at 2). Defendants do not dispute whether BCBS is a fiduciary under ERISA as alleged in Plaintiffs' Complaint. (Doc. 1 at 5-7). Therefore, this Court is only considering whether Plaintiffs have sufficiently pled facts to allow the Court to reasonably infer that Employee-Defendants are ERISA-fiduciaries. Plaintiffs ask this Court to find the Employee-Defendants are ERISA-fiduciaries by way of their employment with a company that itself insures or administers benefit plans governed by ERISA and based on statutory definition of a fiduciary under 29 U.S.C. 1002(21). (Doc. 9-1 at 2-3 and 9). Pursuant to §1002(21)(A), a fiduciary with respect to an ERISA plan depends on (1) the person's discretionary authority or control with regard to the management of the plan or of its assets, (2) whether the individual renders, or has authority or responsibility to render, investment advice for a fee or other compensation with respect to money or property of the plan, or (3) the individual's discretionary authority or responsibility in the administration of the plans.

The Fifth Circuit has made clear that one's "mere status as an officer or director does not, *ipso factor*, result in ERISA fiduciary status." *Bannistor v. Ullman*, 287 F.3d 394, 406 (5th Cir.

2002). Plaintiffs' Complaint does allege that Employee-Defendants are fiduciaries under this statute because of their employment, specifically their roles as plan or claim administrators for the plans in this litigation. (Doc. 1 at 7). According to the statutory definition of a fiduciary with respect to ERISA, Plaintiffs must allege more than simply a job title to plausibly establish that any of the Employee-Defendants could be fiduciaries. Allegations that employees of a plan's named administrator who simply have knowledge about a plan, sent communications directing distributions from a plan, and communicated with attorneys regarding the plan are insufficient to suggest that the employees have a level of discretion needed to be a fiduciary. (Doc. 9-1 at 10-11 citing *Hatteburg v. Red Adair Co. Inc. Employees' Profit Sharing Plan*, 79 Fed. Appx. 709, 716 (5th Cir. 2003)).

Defendants assert that O'Brien is not a fiduciary simply because of his role as an attorney, unless O'Brien performed duties with actual decision-making power with respect to the plan's management and administration. (Doc. 9-1 at 11 citing *Reich v. Lancaster*, 55 F.3d 1034, 1049-50 (5th Cir. 1995)). Plaintiffs' Opposition merely concludes that O'Brien intentionally refused to comply with all of the applicable claims procedures and that numerous items of correspondence were sent to O'Brien from Plaintiffs. (Doc. 15 at 24, citing *Complaint* at 29-30). Otherwise, Plaintiffs point to no factual allegations that could allow this Court to reasonably infer that O'Brien had discretionary authority over the management of the plan, gave advice for a fee with regard to the plan, or had discretion in the administration. Factual allegations have not been sufficiently pled to plausibly establish that O'Brien acted as an ERISA-fiduciary. Therefore, it is impossible to show that O'Brien could have breached such a duty.

Defendants also assert that neither Cowart nor Guy, employees of BCBS, acted as ERISA-fiduciaries. However, Plaintiffs point to various letters, signed by Cowart and Guy,

demanding payment from Plaintiffs due to adverse benefit determinations. (Doc. 15 at 24, citing *Complaint* at 22-25). Plaintiffs urge that by way of Cowart and Guy's letters "BCBS was operating in the capacity of a plan fiduciary, claims administrator, and / or plan administrator." (Doc. 1 at 26). Defendants assert that the mere signing of such letters does not "prove" that the employees were exercising fiduciary authority. (Doc. 24 at 8). However, at the pleading stage, Plaintiffs need not prove their assertion, but instead must provide sufficient factual support to make such an assertion plausible. Plaintiffs assert that the demanding of over $700,000 in these letters is not merely ministerial acts, but instead support the claim that Cowart and Guy were acting as ERISA-fiduciaries according to the statutory definition and had discretionary authority over the management of the plan, gave advice for a fee with regard to the plan, or had discretion in the administration.. The Court agrees and finds sufficient factual support is provided for the Court to reasonably infer that Cowart and Guy acted as ERISA-fiduciaries. Further, Plaintiffs assert that the health plans at issue do not, by their terms, authorize claims reversal. (Doc. 15 at 12). The factual allegations that ERISA-fiduciaries did reverse prior claims, in violation of plan terms, suffice for the Court to reasonably infer a breach by ERISA-fiduciaries. (Doc. 15 at 12).

## CONCLUSION

This Court has considered Defendants' Motion to Dismiss (doc. 9), Plaintiffs' Opposition (doc. 15), and Defendants' Reply (doc. 24). Considering the Plaintiffs' factual allegations and the arguments raised with regard to this Motion to Dismiss, the Court finds the Motion to Dismiss is granted in part and denied in part. There are sufficient facts pled to establish the existence of an ERISA plan. Additionally, sufficient facts are pled to support the Plaintiffs' allegation that Cowart and Guy acted as ERISA-fiduciaries and could plausibly have breached such duties. However, Plaintiffs did not bear its burden in alleging sufficient factual support to

find O'Brien acted as an ERISA-fiduciary. Therefore, the Motion to Dismiss is **DENIED** insofar as it moved to dismiss ERISA claims asserted against Employee-Defendants, Cowart and Guy. The Motion to Dismiss is **GRANTED** insofar as it moved to dismiss ERISA claims asserted against Employee-Defendant, O'Brien.

Signed in Baton Rouge, Louisiana, on December 11, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**